**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LOUREECE CLARK,

    Plaintiff-Appellee,

v.

THOMAS MCGUIRE, Sacramento
County Sheriff's Deputy, # 266,

    Defendant-Appellant.

No. 14-16826

D.C. No.
2:12-cv-02159-JAM-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted July 7, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

  Defendant Sheriff's Deputy Thomas McGuire appeals the district court's

denial of his motion for summary judgment on qualified immunity in Loureece

Clark's 42 U.S.C. § 1983 action alleging a Fourth Amendment excessive force

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claim. We have jurisdiction over an interlocutory appeal from the denial of qualified immunity. *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106–07 (9th Cir. 1997). We review de novo, *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1059 (9th Cir. 2006), and we reverse.

The district court properly determined that McGuire had probable cause to believe that Clark had committed a crime involving the infliction of serious physical harm, and that Clark posed a serious threat of harm. *See Forrett v. Richardson*, 112 F.3d 416, 420 (9th Cir. 1997) ("Whenever there is probable cause to believe that the suspect has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, if some warning has been given, where feasible."), *superseded by rule on other grounds as stated in Chroma Lighting v. GTE Prods. Corp.*, 127 F.3d 1136 (9th Cir. 1997) (order).

The district court also determined the Fourth Amendment prohibited McGuire from using deadly force because allowing the K-9 officers and their dogs to apprehend Clark was a reasonable, non-deadly alternative. But the "Fourth Amendment does not require law enforcement officers to exhaust every alternative before using justifiable deadly force." *Forrett*, 112 F.3d at 420. Rather, the defendant's "decision to use deadly force 'must be judged from the perspective of

2

a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)); *see also White v. Pauly*, 137 S. Ct. 548, 551 (2017) (emphasizing that "for a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate'") (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)).

Because McGuire did not violate clearly established law, we reverse the denial of qualified immunity and remand with instructions to grant summary judgment to McGuire.

**REVERSED and REMANDED.**